IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.           No. 23-CR-01165-KWR

DWAYNE A. CALVERT,

    Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Dwayne Calvert, by and through his counsel of record, Assistant Federal Public Defender Buck Glanz, respectfully files the following Sentencing Memorandum and requests that the Court accept the plea agreement and sentence him to sixty months in the Bureau of Prisons. Such sentence would be "sufficient, but not greater than necessary" to achieve the statutory purposes for sentencing.

## PROCEDURAL BACKGROUND

On February 28, 2024, Mr. Calvert entered a guilty plea pursuant to a Rule 11(c)(1)(C) plea agreement. (Doc. 34). The Presentence Investigation Report (PSR) was filed on April 18, 2024. (Doc. 30). The case is set for sentencing on May 29, 2024. Mr. Calvert asks this court, in consideration of the 18 U.S.C. § 3553(a) factors, to sentence him to the agreed upon sentence of sixty months.

## ARGUMENT

A court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553. "It has been uniform and constant in the federal

1

judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koons v. United States,* 518 U.S. 81, 113 (1996). The established tradition of sentencing in federal courts is that "the punishment should fit the offender and not merely the crime." *Pepper v. United States,* 562 U.S. 476, 487-88 (2011) (internal citations omitted). A sentencing court should "engage in a holistic inquiry of the § 3553(a) factors." *United States v. Barnes,* 890 F.3d 910, 916 (10th Cir. 2018) (citations omitted). Mr. Calvert asks this court to sentence him to sixty months based on the 18 U.S.C. § 3553(a) sentencing factors.

   A.   Nature and Circumstances of the Offense & Mr. Calvert's History and Characteristics

Mr. Calvert was born in Northern New Mexico and has continued to live there the majority of his life. [PSR ¶ 44]. When he was six years old, his mother "gave" him to his aunt who then raised him. *Id*. His biological father also was not present in his life. *Id*. at ¶ 45. Mr. Calver started drinking at the age of fifteen. *Id*. at ¶ 53. He started drinking heavily when he turned twenty-one *Id*. He attended a three-month inpatient treatment program in 2016. *Id*. at ¶ 54. After that, he managed to stay sober for 2 years before relapsing.

On the day of the incident, all parties involved were drinking heavily. *Id*. at ¶ 11. Eventually, Jane Doe became so intoxicated she passed out. *Id*. The other people present picked her up and put her on the couch. *Id*. At the end of the night, Mr. Calvert asked if he could stay the night. *Id*. at ¶ 12. Shortly thereafter A.A. and her boyfriend heard loud moaning and discovered Mr. Calvert having sex with Jane Doe. *Id*.

Mr. Calvert was arrested and charged in tribal court on July 8, 2022. *Id*. at ¶ 14. After his arrest, he started substance abuse counseling and was able to maintain his sobriety. *Id*. at ¶ 54.

He had perfect compliance while on tribal supervision. *Id*. Over a year later, on July 26, 2023, he was indicted in federal court. [Doc. 2]. While on federal supervision, his compliance with his conditions of release has been flawless. *Id*. at ¶ 8. Mr. Calvert immediately accepted responsibility for his actions and the parties began discussing a plea offer in September 2023, after the government had disclosed its evidence. He entered a guilty plea on February 28, 2024, and was taken into custody the same day. [Doc. 27].

   B. <u>A Sentence of Sixty Months Accomplishes the Goals of Sentencing</u>

The task before the Court at sentencing is to impose a sentence that is sufficient but not greater than necessary to accomplish the goals of punishment. A sentence is sufficient, but not greater than necessary, if it (a) reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense; (b) affords adequate deterrence to criminal conduct; (c) protects the public from further crimes of the defendant, and (d) provides the defendant with needed education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(2).

1. *A sentence of sixty months reflects the seriousness of the offense, promotes respect for the law, and will adequately deter criminal conduct.*

The sentence in this case will be the first term of incarceration Mr. Calvert has ever faced. A sentence of sixty months will deter him from committing any future offenses. It is a lengthy sentence, and it reflects the seriousness of the offense.

2. *A sentence of sixty months will provide just punishment for the offense and adequately protect the public.*

The concept of just punishment is another name for the theory of retribution. "The § 3553(a)(2)(A) consideration is the 'just deserts' concept, which carries the need for retribution,

the need to make the punishment fit the crime, and the need not just to punish but to punish justly." *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010). Retributive justice asks what is the criminal harm caused by the defendant's criminal actions. The punishment is then crafted commensurate with that harm. In this case, a sentence of sixty months is commensurate with the criminal harm in this case. According to the PSR, this sentence is in line with the average sentence of similarly situated individuals. (PSR at ¶ 82). It does not create unwarranted disparities. For these reasons, it is a just punishment and will protect the public from Mr. Calvert.

3. *A sentence of sixty months and one day followed by a term of supervised release will provide Mr. Calvert with educational and vocational training and will best facilitate his rehabilitation.*

As argued above, Mr. Calvert has already made significant progress in achieving sobriety and rehabilitating himself. He needs to get his addiction issues addressed if he is going to have a chance of reintegrating into society. In the Bureau of Prisons, he will have access to various programs to further his rehabilitation and ideally allow him to reenter society without a hiccup. Specifically, it seems likely he could benefit from parenting classes. He girlfriend gave birth to a new baby right before he went into custody. He his highly motivated to serve his time and return to his young family. After his incarceration, a period of supervised release is the most appropriate means to further his rehabilitation. United States Probation and parole has substantial resources at its disposal to assist him. A sentence of sixty months is sufficient but not greater than necessary in light of all of the relevant circumstances.

## CONCLUSION

Considering the sentencing factors set forth in 18 U.S.C 3553(a) a sentence of sixty months followed by a term of supervised release will achieve the statutory purposes of sentencing. For all the reasons set forth above, Mr. Calvert humbly requests the court consider

accepting the plea agreement and imposing the agreed upon sentence. Finally, Mr. Calvert is indigent and represented by court appointed counsel and he requests this Court not impose a fine.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
buck_glanz@fd.org

*Electronically filed May 9, 2024*
/s/ Buck Glanz
Assistant Federal Public Defender
Attorney for Defendant